UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH D. TUCKER,

        Petitioner,

                                                                     CASE NO. 2:24-CV-12488
v.                                                    HON. SUSAN K. DeCLERCQ

PAUL SCHREIBER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION
TO STAY AND ABEY THE HABEAS PROCEEDINGS**

**I.**

Michigan prisoner Ralph D. Tucker ("Petitioner"), confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, has filed a pro se habeas petition pursuant to 28 U.S.C. § 2254. Petitioner pleaded no contest to six counts of first-degree criminal sexual conduct (in four cases) in the Wayne County Circuit Court and was sentenced, pursuant to *Cobbs* agreements, to concurrent terms of 15 to 35 years in prison on two of those convictions and 16½ to 35 years in prison on four of those convictions in 2019. In his current petition, he raises claims concerning the effectiveness of trial counsel and the trial court's denial of his plea withdrawal motion. ECF No. 1. Respondent has not yet filed an answer to the

petition or the state court record. Those materials are due on March 24, 2025. ECF No. 4.

The matter is before the Court on Petitioner's motion to stay the proceedings and hold his petition in abeyance so that he may return to the state courts and exhaust additional claims concerning newly-discovered evidence of perjury at the preliminary examination and the effectiveness of appellate counsel. ECF No. 8. For the reasons stated, the Court denies Petitioner's motion.

## II.

Following his convictions and sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit. *People v. Tucker*, No. 365463 (Mich. Ct. App. May 17, 2023). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Tucker*, 513 Mich. 887, 996 N.W.2d 461 (Oct. 31, 2023); ECF No. 1, PageID.20.

Petitioner dated his federal habeas petition on August 15, 2024. ECF No. 1, PageID.18, 21.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845

2

(1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each habeas issue in both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-135 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

    A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted

3

claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner fails to show the need for a stay. He indicates that his current habeas claims are exhausted and he fails to show that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on October 31, 2023 and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later, on or about January 29, 2024. Petitioner dated his federal habeas petition on August 15, 2024. Consequently, less than seven months of the one-year period had run when he instituted this action. While the time in which this case has been

4

pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-`82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-1089 (E.D. Mich. 2004). The limitations period will also be tolled while any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that over five months of the one-year period remains, Petitioner has ample time to exhaust additional issues in the state courts and return to federal court should he wish to do so. Thus, a stay is unnecessary.

Additionally, while Petitioner asserts that a portion of his unexhausted claims are based on "new information," he provides no details about that discovery so as to sufficiently explain why he did not raise his new issues on state collateral review before instituting this action or during the six months that his habeas case has been pending in federal court. He thus fails to establish cause for his failure to raise the additional claims in the state courts before seeking federal habeas review or show that he has not engaged in intentional delay. In any event, Petitioner's unexhausted claims concern matters of federal law -- and he has time and an available remedy to

exhaust those claims in the state courts before proceeding on habeas review in federal court. Given such circumstances, a stay is unwarranted.

## IV.

Accordingly, the Court **DENIES** Petitioner's motion. Should Petitioner wish to have the Court dismiss without prejudice his current habeas petition so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of this case within **30 DAYS** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending habeas petition.

**IT IS SO ORDERED.**

s/Susan K. DeClercq<br>
SUSAN K. DeCLERCQ<br>
United States District Judge

Dated: February 26, 2025